


**NOT FOR PUBLICATION**

```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
```

| | | |
|---|---|---|
| JOHN RHETT, | : | |
| | : | |
| Petitioner, | : | Civil No. 10-6511 (RBK) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| SUPERINTENDENT KAREN BALICKI, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES**:

Petitioner pro se
John Rhett
South Woods State Prison
215 S. Burlington Road
Bridgeton, NJ 08302

**KUGLER**, District Judge

Petitioner John Rhett, a prisoner currently confined at South Woods State Prison in Bridgeton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondents are Superintendent Karen Balicki and the Attorney General of the State of New Jersey.

Because it appears from a review of the Petition that Petitioner Nicholas J. Gallicchio is not entitled to issuance of the writ, this Court will order Petitioner to show cause why the Petition should not be dismissed as time-barred. See 28 U.S.C. § 2243.

I.   BACKGROUND

Certain relevant factual and procedural history is set forth in the post-conviction relief ("PCR") opinion of the Superior Court of New Jersey, Law Division, Criminal Part, Cumberland County.[1][2]

> Defendant was originally convicted of first-degree attempted murder and first-degree robbery on October 28, 1988 and sentenced on November 17, 1988.  His conviction and sentence was affirmed by the Appellate Division.  The Supreme Court affirmed defendant's robbery conviction and sentence but reversed his attempted murder conviction due to jury instruction error.  Upon remand, the State moved to re-sentence defendant on the robbery charge to an extended-range sentence as a persistent.  That motion was granted by the trial court on July 7, 1992, with defendant being re-sentenced on that date to an extended term of life imprisonment with a twenty-five year period of parole ineligibility.  The attempted murder charge was ultimately dismissed by the State.  The Appellate Division affirmed defendant's extended term re-sentence on July 20, 1994. [...]  Defendant filed his PCR petition on February 22, 2005. [...]  Defendant's direct appeal process ended on July 20, 1994, when the Appellate Division issued its opinion affirming defendant's extended term re-sentence on the robbery charge. [...] Defendant filed his PCR petition more than twelve years after the sentence he seeks to attack was entered.  Therefore, defendant's petition is time-barred unless he can establish excusable neglect for

---

[1] Superior Court of New Jersey, Law Division, Cumberland County, Indictment No. 88-02-0201.

[2] Pursuant to 28 U.S.C. § 2254(e)(1), "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

the extraordinary delay.  Defendant has made no such showing.

Furthermore, the Superior Court of New Jersey, Appellate Division affirmed the PCR decision.[3]  In its opinion, the Appellate Court referred to the issue of timeliness, stating that on September 26, 1994, the Supreme Court of New Jersey denied certification of the July 20, 1994 Appellate Division opinion. Petitioner then allowed over ten years to elapse before filing his PCR petition, but did not offer any explanation of exceptional circumstances for the delay.

In this Petition, dated December 8, 2010, Petitioner challenges his conviction on the grounds of prosecutorial misconduct, ineffective assistance of counsel, and that the procedural bar for filing PCR should have been relaxed.[4]

## II.  ANALYSIS

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

---

[3] State v. Rhett, 2010 WL 457699  (N.J.Super. App.Div. February 10, 2010)

[4] A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

>   (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d),[5] which provides in pertinent part:

>   (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>       (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>       (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>       (c) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>       (d) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

---

[5] The limitations period is applied on a claim-by-claim basis. See Fielder v. Verner, 379 F.3d 113 (3d Cir. 2004), cert. denied, 543 U.S. 1067 (2005); Sweger v. Chesney, 294 F.3d 506 (3d Cir. 2002). Here, § 2244(d)(1)(A) applies to all of Petitioner's claims.

>    pending shall not be counted toward any period of
>    limitation under this section.

Thus, evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

Here, Petitioner's direct appeal was concluded on September 26, 1994 when the Supreme Court of New Jersey denied certification.  The judgment became final, for purposes of § 2244(d)(1), ninety days later, on December 25, 1994.  Thus, Petitioner was required to file his federal § 2254 habeas petition by December 25, 1995.

To statutorily toll the limitations period, a state petition for post-conviction relief must be "properly filed."

>    An application is "filed," as that term is
>    commonly understood, when it is delivered to, and
>    accepted by the appropriate court officer for placement
>    into the official record.  And an application is
>    "properly filed" when its delivery and acceptance are

> in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.  In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally.  But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.

Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (citations and footnote omitted) (finding that a petition was not "[im]properly filed" merely because it presented claims that were procedurally barred under New York law on the grounds that they were previously determined on the merits upon an appeal from the judgment of conviction or that they could have been raised on direct appeal but were not).

Where a state court has rejected a petition for post-conviction relief as untimely, however, it was not "properly filed" and the petitioner is not entitled to statutory tolling under § 2244(d)(2).  Pace v. Diguglielmo, 544 U.S. 408 (2005). This is so even where, in the alternative, the state court addresses the merits of the petition in addition to finding it untimely.  Carey v. Saffold, 536 U.S. 214, 225-26 (2002).

An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled from the time it is "properly filed," during the period between a lower state court's

6

decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24.  However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)."  Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

    The limitations period of § 2244(d) also is subject to equitable tolling.  Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).  Equitable tolling applies

> only when the principles of equity would make the rigid application of a limitation period unfair.  Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights.  The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims.  Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (citations and punctuation marks omitted).  Among other circumstances, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights

7

mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition. Jones, 195 F.3d at 159. See also Duncan v. Walker, 533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily tolled during the pendency of a premature federal habeas petition], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity"); 533 U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestion as "sound").

Here, Petitioner filed his first state PCR petition on February 22, 2005. Petitioner allowed over ten years to pass after the judgment became final before filing for PCR, a date which was over nine years after the federal limitations period had ended. Petitioner did not file this habeas petition until almost sixteen years since the judgment became final and almost fifteen years since the federal limitations period ended.

Petitioner has alleged no facts that would suggest any grounds for tolling. Accordingly, the Petition appears to be time-barred.

### III. CONCLUSION

For the reasons set forth above, it appears that the Petition is time-barred. Petitioner will be ordered to show

cause why the Petition should not be dismissed.  An appropriate order follows.

                                                s/Robert B. Kugler
                                                Robert B. Kugler
                                                United States District Judge

Dated: June 28, 2011