**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHN RHETT, | : | |
| | : | |
| Petitioner, | : | Civil No. 10-6511 (RBK) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| SUPERINTENDENT KAREN BALICKI, | : | |
| et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

Petitioner <u>pro se</u>
John Rhett
South Woods State Prison
215 S. Burlington Road
Bridgeton, NJ 08302

**KUGLER**, District Judge

Petitioner John Rhett, a prisoner currently confined at South Woods State Prison in Bridgeton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  For the reasons stated herein, the Petition will be dismissed as time-barred.

I.  BACKGROUND

Certain relevant factual and procedural history is set forth in the post-conviction relief ("PCR") opinion of the Superior

Court of New Jersey, Law Division, Criminal Part, Cumberland County.[1][2]

> Defendant was originally convicted of first-degree attempted murder and first-degree robbery on October 28, 1988 and sentenced on November 17, 1988. His conviction and sentence was affirmed by the Appellate Division. The Supreme Court affirmed defendant's robbery conviction and sentence but reversed his attempted murder conviction due to jury instruction error. Upon remand, the State moved to re-sentence defendant on the robbery charge to an extended-range sentence as a persistent. That motion was granted by the trial court on July 7, 1992, with defendant being re-sentenced on that date to an extended term of life imprisonment with a twenty-five year period of parole ineligibility. The attempted murder charge was ultimately dismissed by the State. The Appellate Division affirmed defendant's extended term re-sentence on July 20, 1994.

> Defendant filed his PCR petition on February 22, 2005.

> [...]

> Defendant's direct appeal process ended on July 20, 1994, when the Appellate Division issued its opinion affirming defendant's extended term re-sentence on the robbery charge.

> [...]

> Other than a petition to correct an illegal sentence, [New Jersey Court] Rule 3:22-12 requires a petition for post-conviction relief to be filed within five years of the

---

[1] Superior Court of New Jersey, Law Division, Cumberland County, Indictment No. 88-02-0201.

[2] Pursuant to 28 U.S.C. § 2254(e)(1), "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

      date the judgment of conviction or sentence sought to be attacked were entered, unless it alleges facts showing that the delay was due to excusable neglect.  Defendant filed his PCR petition more than twelve years after the sentence he seeks to attack was entered.  Therefore, defendant's petition is time-barred unless he can establish excusable neglect for the extraordinary delay.  Defendant has made no such showing.

Furthermore, the Superior Court of New Jersey, Appellate Division affirmed the PCR decision.[3]  In its opinion, the Appellate Court referred to the issue of timeliness, stating that on September 26, 1994, the Supreme Court of New Jersey denied certification of the July 20, 1994 Appellate Division opinion. Petitioner then allowed over ten years to elapse before filing his PCR petition, but did not offer any explanation of exceptional circumstances for the delay.

In this Petition (docket entry no. 1), dated December 8, 2010, Petitioner challenges his conviction on the grounds of prosecutorial misconduct, ineffective assistance of counsel, and that the procedural bar for filing PCR should have been relaxed.[4]

---

[3] State v. Rhett, 2010 WL 457699  (N.J.Super. App.Div. February 10, 2010)

[4] A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

On June 30, 2011, this Court issued an Opinion and Order (docket entry nos. 2, 4) directing Petitioner to show cause in writing why his habeas petition should not be dismissed as time-barred. Petitioner filed a response (docket entry no. 5) and two letters (docket entry nos. 6, 7). In his response, Petitioner argues that equitable tolling should apply.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See

Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2254, 2255.

### III.  ANALYSIS

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (c) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

5

>    (d) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Duarte v. Herschberger, 947 F. Supp. 146, 147 (D.N.J. 1996). The Third Circuit has ruled that state prisoners whose convictions became final before the April 24, 1996 enactment of AEDPA are permitted one year, until April 23, 1997, in which to file a federal habeas petition under § 2254. See Burns, 134 F.3d at 111. See also Lindh v. Murphy, 521 U.S. 320, 326-27 (1997)("[t]he statute reveals Congress' intent to apply the amendments to chapter 153 only to such cases as were filed after the statute's enactment").

Thus, evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by

the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

Here, Petitioner's direct appeal in state court concluded on September 26, 1994 when the Supreme Court of New Jersey denied certification.  Allowing the time in which Petitioner could have applied for writ of certiorari with the United States Supreme Court, his judgment still would have become final before the enactment of AEDPA.  Thus, Petitioner would have had until April 23, 1997 to file his Petition.  However, Petitioner did not execute the instant Petition until December 8, 2010, and it was not received by the Clerk of the Court until December 16, 2010.

To statutorily toll the limitations period, a state petition for post-conviction relief must be "properly filed."

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by the appropriate court officer for placement into the official record.  And an application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.  In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question

>whether the claims <u>contained in the application</u> are meritorious and free of procedural bar.

<u>Artuz v. Bennett</u>, 531 U.S. 4, 8-9 (2000) (citations and footnote omitted) (finding that a petition was not "[im]properly filed" merely because it presented claims that were procedurally barred under New York law on the grounds that they were previously determined on the merits upon an appeal from the judgment of conviction or that they could have been raised on direct appeal but were not).

Where a state court has rejected a petition for post-conviction relief as untimely, however, it was not "properly filed" and the petitioner is not entitled to statutory tolling under § 2244(d)(2).  <u>Pace v. Diguglielmo</u>, 544 U.S. 408 (2005). This is so even where, in the alternative, the state court addresses the merits of the petition in addition to finding it untimely.  <u>Carey v. Saffold</u>, 536 U.S. 214, 225-26 (2002).

An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled from the time it is "properly filed," during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, <u>Carey v. Saffold</u>, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, <u>Swartz v. Meyers</u>, 204 F.3d at 420-24.  However, "the time during which a state prisoner may file a petition for writ of

certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)."  Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

Here, Petitioner filed his first state PCR petition on February 22, 2005, after allowing approximately ten years to pass after the judgment became final before filing for PCR, a lapse in timeliness which was not excused at the state court level.

To permit tolling of the one-year limitations period under 28 U.S.C. § 2244(d)(2), Petitioner would have had to file his state PCR petition before the one-year period had expired, or before April 23, 1997.  Otherwise, the state PCR petition would not serve to toll the statute of limitations.  In this case, Petitioner's state PCR petition was filed on February 22, 2005, a date which was certainly more than one year after the statute of limitations had expired.  Thus, this Court finds that there was no statutory tolling of the limitations period in this case.

However, Petitioner argues that he can overcome this statutory time bar because he is entitled to equitable tolling. See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).  Generally, a litigant seeking equitable

9

tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007); Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005); Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003).

The Third Circuit instructs that equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005). However, the court cautioned that courts should use the equitable tolling doctrine "sparingly," "only in the rare situation where it is demanded by sound legal principles as well as the interest of justice." Lacava, 398 F.3d at 275 (3d Cir. 2005). A mere showing of "excusable neglect is not sufficient" to warrant equitable tolling. Id. at 276; Miller, 145 F.3d at 618-19; Jones, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely

10

asserted his rights in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir.), cert. denied, 546 U.S. 957 (2005).[5]  Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."  Brown v. Shannon, 322 F.3d 768, 773 (3d Cir.)(quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)), cert. denied, 539 U.S. 948 (2003).

As set forth above, in making his argument for equitable tolling, Petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  See Lawrence, 549 U.S. at 336.  None of Petitioner's arguments in his response serve to overcome the time bar.

---

[5]  The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling.  Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

11

The arguments brought by Petitioner in this case do not establish that he exercised reasonable diligence in bringing his claims and do not establish that Petitioner was "in some extraordinary way been prevented from asserting his . . . rights." Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 168-19 (3d Cir. 1998).  This is not one of the "rare situations" where equitable tolling "is demanded by sound legal principles as well as the interests of justice." Lacava, supra, 398 F.3d at 275.

Petitioner has alleged no facts that would suggest any grounds for either statutory or equitable tolling.  Accordingly, the Petition appears to be time-barred.

## IV.   CERTIFICATE OF APPEALABILITY

The Court next must determine whether a certificate of appealability should issue.  See Third Circuit Local Appellate Rule 22.2.  The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable:  (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S.

12

473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Id. For the reasons discussed above, this § 2254 habeas petition is clearly time-barred.  The Court also is persuaded that reasonable jurists would not debate the correctness of this conclusion. Consequently, a certificate of appealability will not be issued.

## V.   CONCLUSION

For the reasons set forth above, this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is time-barred pursuant to 28 U.S.C. § 2244(d).  No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(2).  An appropriate order follows.

s/Robert B. Kugler
Robert B. Kugler
United States District Judge

Dated: December 14, 2011

13